IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

HEAVENLY GIBSON, )
)
                 Plaintiff, )
)
v. ) Case No. 05-3198-S-RED-SSA
)
JO ANNE B. BARNHART, )
**Commissioner of the Social** )
**Security Administration,** )
)
                 Defendant. )

## ORDER

Plaintiff Heavenly Gibson ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff, as a child, was determined in 2000 to be disabled on the basis of an oppositional defiant disorder and mood disorder, medically equivalent to the criteria at § 112.02 of the Listings. However, in 2002, Plaintiff was informed she did not meet the definition of disability for adults and now would be evaluated on that criteria as she had reached the age of eighteen (18). Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

2

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff alleges four points of error by the ALJ. One, Plaintiff alleges that the ALJ erred in improperly assessing the Plaintiff's credibility. Two, Plaintiff alleges the ALJ failed to assign the proper weight to the medical evidence. Three, the ALJ erred in making a proper RFC determination. Four, the ALJ improperly relied on Vocational Expert testimony to determine that Plaintiff could perform work existing in significant numbers in the national economy and was not disabled.

In determining Plaintiff's credibility, the ALJ considered many inconsistencies between Plaintiff's testimony and the record. Among them, the ALJ noted that plaintiff's alleged limitations were not supported by the medical evidence of record. Plaintiff's activities included household

3

chores, taking care of her infant child, completing her own shopping, driving, and attending church. The ALJ noted that although Plaintiff had a "very slim work record" this was mostly attributable to her young age. In considering the medical evidence itself, the ALJ noted that no doctor that treated or examined the claimant has stated or implied that she is disabled or incapacitated with any long-term exertional or other physical limitations. Although the ALJ noted that Plaintiff's main medical problems were mental ones, it was clear Plaintiff did not take her prescribed medication as directed. As the ALJ articulated the inconsistencies upon which he relied upon in discrediting the Plaintiff's subjective complaints and these credibility findings were supported by substantial evidence, the ALJ properly determined the Plaintiff's credibility.

Plaintiff further argues that the ALJ failed to assign proper weight to the medical evidence, specifically the opinion of treating therapist Mary Adams-Beville. Ms. Adams-Beville had seen Plaintiff for about eight (8) months, and had previously treated her for a unspecified amount of time in 2000.

The ALJ determined that Ms. Adams-Beville was not a treating psychiatrist or psychologist. The ALJ further discredited her opinion as it was based primarily on Plaintiff's complaints, rather than objective medical data or examination. It is clear that conclusory statements of disability based on Plaintiff's subjective complaints is entitled to little weight when unsupported by objective medical evidence. *See, e.g., Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993). The ALJ also found the timing of Plaintiff's treatment with Ms. Adams-Beville also discredited the opinion, as it was based on Plaintiff's complaints and Plaintiff had an incentive to embellish. Further, the ALJ balanced the opinion of Ms. Adams-Beville against other medical records including those from Dr. Iles, Psy.D. and Dr. Zurkowski. Given the record as a whole, the ALJ properly discredited Ms.

4

Adams-Beville.

Plaintiff also argues that the ALJ improperly determined Plaintiff's RFC by not considering Plaintiff's subjective complaints. First, the Court notes that the ALJ determined that Plaintiff only had mild restrictions in her activities of daily living and no more than moderate limitations in maintaining social functioning. The ALJ found no marked deficiencies of concentration, persistence, or pace, and that Plaintiff could complete tasks in a timely manner as long as she was restricted to simple, repetitive tasks. Given the ALJ's proper credibility findings and proper treatment of the opinion of Ms. Adams-Beville, the RFC included all of Plaintiff's credible limitations and is supported by the evidence as a whole.

Lastly, Plaintiff argues the ALJ erred in proposing a hypothetical to the VE that did not include her alleged non-exertional limitations. The ALJ relied on the VE's response to this hypothetical to determine that Plaintiff could perform work existing in significant numbers in the national economy. The hypothetical given to the VE included the non-exertional limitations on no close interaction with co-workers or the general public, and a limitation to simple, unskilled, and repetitive tasks. As stated above, there was no error in the ALJ's RFC determination or in his credibility assessment. Therefore, the hypothetical posed to the VE included the credible impairments, omitted those discredited for legally sufficient reasons, and substantial evidence supports the Commissioner's decision.

## IV.  CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is due to be **AFFIRMED**.

**IT IS SO ORDERED.**

DATE:		June 28, 2006		  */s/ Richard E. Dorr*  
					RICHARD E. DORR, JUDGE  
					UNITED STATES DISTRICT COURT